# EXHIBIT A

Edward J. Green (IL BAR NO. 6225069) (ADMITTED *PRO HAC VICE*)
Geoffrey S. Goodman (IL BAR NO. 06272297) (ADMITTED *PRO HAC VICE*)
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL  60654-5313
Telephone:  312.832.4500
Facsimile:  312.832.4700
Email:  egreen@foley.com
Email:  ggoodman@foley.com

DAVID GOULD (CA Bar No. 37947)
DAVID GOULD, A PROFESSIONAL CORPORATION
23975 Park Sorrento, Suite 200
Calabasas, CA 91302-4001
Telephone: 818.222.8092
Facsimile: 818.449.4803
Email:  dgould@davidgouldlaw.com

Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE:<br><br>PACIFICA OF THE VALLEY CORPORATION,[1]<br><br>DEBTOR. | CASE NO.  01:09-11678-MT<br><br>CHAPTER 11<br><br>**DECLARATION OF KATHERINE E. HALL CERTIFYING VOTING ON AND TABULATION OF BALLOTS ACCEPTING OR REJECTING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION** |

---

[1]  The Debtor in this proceeding is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (Tax ID No. 33-0737312), with a mailing address of 9449 San Fernando Rd., CA 91352-1421.

I, Katherine E. Hall, state as follows:

1.    I am over eighteen years of age and not a party to the above-captioned action.  I am a paralegal with the law firm of Foley & Lardner LLP ("Foley"), and, unless otherwise indicated, have personal knowledge of the facts set forth herein.[2]

## THE DISCLOSURE STATEMENT ORDER

2.    On or about November 17, 2010, the Bankruptcy Court entered an Order: (A) Approving Disclosure Statement; (B) Scheduling a Hearing on Confirmation of the Debtor's Second Amended Chapter 11 Plan of Reorganization; (C) Approving Solicitation Packages and Procedures for the Distribution of the Disclosure Statement; (D) Approving Form of Ballots; and (E) Establishing Voting Deadlines and Procedures for Tabulation of Votes (the "Disclosure Statement Order") [Docket No. 584].

3.    In the Disclosure Statement Order, the Bankruptcy Court, among other things:

a.    approved certain solicitation procedures, vote tabulation rules, ballot form, and notice requirements regarding solicitation of votes on the Debtor's Second Amended Chapter 11 Plan of Reorganization (the "Plan"); and

b.    established December 8, 2010, at 4:00 p.m., prevailing Pacific Time (the "Voting Deadline") as the deadline by which Ballots must be received to accept or reject the Plan.

## SERVICE OF SOLICITATION MATERIALS

4.    On November 19, 2010, under Foley's direction, the Debtor's copy service mailed copies of: (1) Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Debtor's Second Amended Chapter 11 Plan of Reorganization; (2) for those entitled a vote on the Plan, a Ballot for Accepting or Rejecting Debtor's Second Amended Chapter 11 Plan of Reorganization; (3) Notice of (I) Approval of Disclosure

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan (as hereinafter defined).

Statement, (II) Hearing on Confirmation of the Debtor's Second Amended Chapter 11 Plan of Reorganization, and (III) Certain Related Deadlines; and (4) Order: (A) Approving Disclosure Statement; (B) Scheduling a Hearing on Confirmation of the Debtor's Second Amended Chapter 11 Plan of Reorganization; (C) Approving Solicitation Packages and Procedures for the Distribution of the Disclosure Statement; (D) Approving Form of Ballots; and (E) Establishing Voting Deadlines and Procedures for Tabulation of Votes (collectively, the "Solicitation Materials") in accordance with the Disclosure Statement Order.   The correct postage was affixed for the Solicitation Materials and the Solicitation Materials were delivered to the United States Post Office for delivery.

5.      The Proof of Service evidencing the service of the foregoing was filed with the Bankruptcy Court on December 10, 2010 [Docket No. 592].

## CLASSES NOT ENTITLED TO VOTE

6.      In accordance with the Plan, the following Classes were Unimpaired and were not entitled to vote on the Plan: Class 1 (Priority Claims), Class 7 (Subordinated Claims), and Class 8 (Equity Interests).

## CLASSES ENTITLED TO VOTE

7.      Pursuant to the Plan the following Classes of Claims and Equity Interests are impaired under, and entitled to vote on, the Plan and were mailed Ballots: Class 2 (HCREIT Claims), Class 3 (Sun Claims), Class 4 (Secured Tax Claims), Class 5 (Other Secured Claims) and Class 6 (General Unsecured Claims).

## TABULATION PROCEDURES

8.      Pursuant to the Disclosure Statement Order, the Ballots were to be mailed to my attention at Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386.   I adhered to the following procedures when handling Ballots:  I (a) opened the envelopes (b) removed and date stamped each Ballot, (c) inspected the Ballots to determine compliance with the Disclosure Statement Order and the Plan, and (d) grouped the Ballots based on the date received, the classification of the creditor as set

forth on the Ballot or, if the class was not identified on the Ballot, as indicated on the creditor's Proof of Claim or the Debtor's Schedules, as applicable.

9.      I then tabulated the votes on the Plan in accordance with the terms and provisions of the tabulation rules and the Bankruptcy Court-approved instructions on each Ballot. I audited the tabulation of Ballots on a daily basis and performed a final audit following the Voting Deadline.

10.      True and accurate copies of the Ballots are attached hereto as <u>Exhibit 1</u>. My practice is to keep the original Ballots, and they are available at the Court's request.

## SUFFICIENT ACCEPTANCES HAVE BEEN
## RECEIVED FOR THE PLAN TO BE CONFIRMED

11.      The results of the voting and tabulation of the Ballots received are summarized on <u>Exhibit 2</u> annexed hereto. As set forth in <u>Exhibit 2</u>, Classes 2, 3, 4, and 6 voted to accept the Plan. Class 5 did not vote to accept or reject the Plan and thus has not accepted the Plan.

12.      In reliance upon this Ballot Certification that I prepared and reflected on the attached <u>Exhibit 2</u>, the Plan has received sufficient acceptances to be confirmed.

13.      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 10, 2010
      Orlando, Florida

Katherine Hall, Paralegal
Foley & Lardner LLP

STATE OF FLORIDA      )
                    ) ss:
COUNTY OF ORANGE    )

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, on this 10th day of December, 2010.

Notary Public

My Commission Expires: 4/19/2012

CYNTHIA MCGEE
MY COMMISSION # DD 771604
EXPIRES: April 19, 2012
Bonded Thru Notary Public Underwriters

# EXHIBIT 1

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class 1 Vote.** The undersigned, a holder of a General Unsecured Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

☒ ACCEPT the Plan.             ☐ REJECT the Plan.

Creditor: _Pyrotection Specialists, Inc._ Claim Amount: $ _27,261.28_

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_Tim Olson_
Name

REDACTED
Social Security or Federal Tax I.D. No. (optional)

_Tim Olson_
Signature

_Vice President_
If my Authorized Agent, Name and Title

_Pyrotection Specialists, Inc._
Name of Institution

_25570 Rye Canyon Rd, # E_
Street Address
_Valencia, CA 91355_
City, State, Zip Code
_661·294·9187_
Telephone Number
_12/1/10_
Date Completed

CHIC_5082935.2

2

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class 1 Vote.** The undersigned, a holder of a General Unsecured Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

      ☒ **ACCEPT** the Plan.         ☐ **REJECT** the Plan.

Creditor: _MEDLINE INDUSTRIES, INC_ Claim Amount: $ _1,118,074.20_

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_MEDLINE INDUSTRIES, INC_
Name

**REDACTED**
_____
Social Security or Federal Tax I.D. No. (optional)

_AnneKisha_
Signature

_Anne Kisha, Bankruptcy Analyst_
If my Authorized Agent, Name and Title

_MEDLINE, INDUSTRIES, INC_
Name of Institution

_ONE MEDLINE PLACE_
Street Address
_MUNDELEIN, IL 60060_
City, State, Zip Code

_847-643-4232_
Telephone Number

_11/29/10_
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote.** The undersigned, a holder of a General Unsecured Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

     ☑ **ACCEPT** the Plan.     ☐ **REJECT** the Plan.

Creditor: _Action Duct Cleaning, Inc._ Claim Amount: $ _27,845.00_

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_Dan Stradford - CEO/FOUNDER_
Name

**REDACTED**

Social Security or Federal Tax I.D. No. (optional)

_[signature]_
Signature

If my Authorized Agent, Name and Title

_Action Duct Cleaning Co., Inc._
Name of Institution

_787 W. Woodbury Rd #2_
Street Address

_Altadena, Ca. 91001_
City, State, Zip Code

_626-791-7870_
Telephone Number

_11-22-10_
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above.  Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote.**  The undersigned, a holder of a General Unsecured Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

☑  **ACCEPT** the Plan.                    ☐  **REJECT** the Plan.

Creditor:  "U P S"                    Claim Amount: $  5519.28

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

Name  United Parcel Services

**REDACTED**

Social Security or Federal Tax I.D. No. (optional)

*Carolyn J. Magnha*
Signature

*Carolyn Magnha , Agent*
If my Authorized Agent, Name and Title

N c/o RMS Bankruptcy Services
PO Box 4396
Si Timonium, MD 21094

City, State, Zip Code

410-773-4063
Telephone Number

11-29-10
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.   If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.   To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above.   Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote**.  The undersigned, a holder of a General Unsecured Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

☒  **ACCEPT** the Plan.          ☐   **REJECT** the Plan.

Creditor: _GE Healthcare_          Claim Amount: $ _9,613.78_

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_Patrick B. Howell_
Name

Social Security or Federal Tax I.D. No. (optional)

_Patrick B Howell_
Signature

_Attorney of Record_
If my Authorized Agent, Name and Title

_Whyte Hirschboeck Dudek S.C._
Name of Institution

_555 E Wells St    Suite 1900_
Street Address

_Milwaukee, WI  53202_
City, State, Zip Code

_414-978-5526_
Telephone Number

_December 1, 2010_
Date Completed

received
12/3/10

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above.  Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote.**  The undersigned, a holder of a General Unsecured  Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

☑ **ACCEPT** the Plan.                    ☐ **REJECT** the Plan.

Creditor: _Smith & Nephew, Inc._  Claim Amount: $ _13,527.78_
_Ortho. Division_

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_Jean W. Mercer_
Name

**REDACTED**

Social Security or Federal Tax I.D. No. (optional)

_Jean W. Mercer_ (signature)
Signature

_Associate General Counsel_
If my Authorized Agent, Name and Title

_Smith & Nephew, Inc._
Name of Institution

_1450 Brooks Road_
Street Address
_Memphis, TN  38116_
City, State, Zip Code

_(901) 399-6044_
Telephone Number

_11/24/10_
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above.  Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote.**  The undersigned, a holder of a General Unsecured Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

    ☒  **ACCEPT** the Plan.           ☐  **REJECT** the Plan.

Creditor: SEIU Local 121 RN   Claim Amount: $ 32,381.14

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

Manuel A. Boigues
Name

_____
Social Security or Federal Tax I.D. No. (optional)

Manuel A. Boigues
Signature

Attorney for Union
If my Authorized Agent, Name and Title

Weinberg Roger + Rosenfeld
Name of Institution

1001 Marina Village Parkway
Street Address

Alameda CA 94501
City, State, Zip Code

510-337-1001
Telephone Number

December 2, 2010
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN
ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING
BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote.** The undersigned, a holder of a General Unsecured Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

☒ **ACCEPT** the Plan.          ☐ **REJECT** the Plan.

Creditor: _Suresh Rao MD_                Claim Amount: $ _72080-28_

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_Suresh Rao MD_
Name

## REDACTED

Social Security or Federal Tax I.D. No. (optional)

_[signature]_
Signature

If my Authorized Agent, Name and Title

_Pacifica Hospital of the Valley_
Name of Institution

_9449 San Fernando Rd_
Street Address
_Sun Valley, CA 91352_
City, State, Zip Code

_(818) 767-3310_
Telephone Number

_12-02-2010_
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above.  Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote**.  The undersigned, a holder of a General Unsecured Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

☑ **ACCEPT** the Plan.          ☐ **REJECT** the Plan.

Creditor: _Special Respiratory Care, Inc._ Claim Amount: $ _85,600.94_

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_Don Keiter_
Name

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_President_
If my Authorized Agent, Name and Title

_Special Respiratory Care, Inc._
Name of Institution

_18327 Napa St._
Street Address

_Northridge, CA 91325_
City, State, Zip Code

_818-717-8807_
Telephone Number

_12/3/10_
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote.** The undersigned, a holder of a General Unsecured Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

☒  **ACCEPT** the Plan.          ☐  **REJECT** the Plan.

Creditor _WALDEN MEDICAL GROUP, INC_        Claim Amount: $ _658,506 65_

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_WALDEN MEDICAL GROUP INC_
Name

REDACTED

Social Security or Federal Tax I.D. No. (optional)

_(signature)_
Signature

_ANTHONY JOHN FRANCIS PRESIDENT_
If my Authorized Agent, Name and Title

_WALDEN MEDICAL GROUP_
Name of Institution

_2515 N. VERMONT AVE_
Street Address

_LOS ANGELES, CA 90027-1242_
City, State, Zip Code

_(323) 828-5304_
Telephone Number

_NOVEMBER 30, 2010_
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above.  Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote**.  The undersigned, a holder of a General Unsecured  Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

☒  **ACCEPT** the Plan.          ☐  **REJECT** the Plan.

Creditor: ANTHONY FRANCIS M.D.   Claim Amount: $ 30,250 ⁰⁰

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

ANTHONY FRANCIS MD
_____
Name

REDACTED
_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If my Authorized Agent, Name and Title

_____
Name of Institution
2515 N. VERMONT AVE
_____
Street Address
Los Angeles   CA  90027
_____
City, State, Zip Code
(323) 828-5304
_____
Telephone Number
December 1. 2010
_____
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above.  Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote.**  The undersigned, a holder of a General Unsecured  Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

☑ **ACCEPT** the Plan.                    ☐ **REJECT** the Plan.

Creditor: Bruce Kovacs          Claim Amount: $ 100,000 - 00

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

Bruce Kovacs
_____
Name

REDACTED
_____
Social Security or Federal Tax I.D. No. (optional)

U
_____
Signature

_____
If my Authorized Agent, Name and Title

Bruce W. Kovacs MD Inc
_____
Name of Institution

P.O. Box 3389
_____
Street Address

Seal Beach, CA 90740
_____
City, State, Zip Code

562 723 3155
_____
Telephone Number

12-2-10
_____
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1. Class 1 Vote.** The undersigned, a holder of a General Unsecured Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

☒ **ACCEPT** the Plan.        ☐ **REJECT** the Plan.

Creditor: Orange County Health Authority, dba CalOptima        Claim Amount: $ 541.62

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

Richard Chambers, CEO
_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

*Richard Chambers*
_____
Signature

*Richard Chambers, CEO*
_____
If my Authorized Agent, Name and Title
Orange County Health Authority,
dba CalOptima
_____
Name of Institution

1120 West La Veta Ave., Suite 200
_____
Street Address

Orange, California  92868
_____
City, State, Zip Code

(714) 246-8600
_____
Telephone Number

November 30, 2010
_____
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above.  Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote**.  The undersigned, a holder of a General Unsecured  Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

☑ **ACCEPT** the Plan.          ☐ **REJECT** the Plan.

Creditor: _Quality Imaging Services_          Claim Amount: $ _8200.00_

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments**. By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_Joe Alas_
Name

REDACTED

Social Security or Federal Tax I.D. No. (optional)

_[signature]_
Signature

If my Authorized Agent, Name and Title

_Quality Imaging Services_
Name of Institution

_17737 Chatsworth St. #200_
Street Address

_Granada Hills, CA 91344_
City, State, Zip Code

_(818) 831-1130_
Telephone Number

_12/3/2010_
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote.** The undersigned, a holder of a General Unsecured Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

☒ **ACCEPT** the Plan.                ☐ **REJECT** the Plan.

Creditor: _Health Elig. Svcs._    Claim Amount: $ _346,186.18_

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_George  Najera_
Name

**REDACTED**
Social Security or Federal Tax I.D. No. (optional)

_George Nga_
Signature

_V.P. Maaketing_
If my Authorized Agent, Name and Title

_Health Eligibility Svcs._
Name of Institution

_11240 Magnolia Bl. ste #206_
Street Address

_North Hollywood CA 91601_
City, State, Zip Code

_(818) 761-3309_
Telephone Number

_12/2/2010_
Date Completed

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above.  Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote.**  The undersigned, a holder of a General Unsecured  Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

        ☑ **ACCEPT** the Plan.         ☐ **REJECT** the Plan.

Creditor: _Precyse Solutions, LLC_     Claim Amount: $ _18,931.77_

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

_James Matas_
Name

**REDACTED**

Social Security or Federal Tax I.D. No. (optional)

_/s/_
Signature

_CFO_
If my Authorized Agent, Name and Title

_Precyse Solutions, LLC_
Name of Institution

_1275 Drummers Lane, Suite 200_
Street Address
_Wayne, PA  19087_
City, State, Zip Code

_800-555-2311_
Telephone Number

_12/3/10_
Date Completed

1

2

3

4

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted.

5

6

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

7

8

**PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN
ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING
BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

9

**Item 1. Class 1 Vote.** The undersigned, a holder of a General Unsecured Claim in Class 6 of the Plan in the amount set forth below, votes to (check one box):

10

☒ **ACCEPT** the Plan.          ☐ **REJECT** the Plan.

11

Creditor: __Bioinitiatives__          Claim Amount: $ __5000.00__

12

13

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

14

15

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

16

_Elfi Sobmayer_
Name

17

**REDACTED**

18

Social Security or Federal Tax I.D. No. (optional)

19

_Elfi Sob_
Signature

20

If my Authorized Agent, Name and Title

21

_Bioinitiatives_
Name of Institution

22

_7641 Galilee Rd #110_

23

Street Address
_Roseville, Calif 95747_

24

City, State, Zip Code
_916 780-9100_

25

Telephone Number

26

_11/25/10_
Date Completed

27

28

1    The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of
at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the

2    Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite
acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and

3    equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise
satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and
return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386

4    (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above.  Ballots
submitted by e-mail or facsimile transmission will not be accepted.

5              **PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

6

7    | **PLEASE COMPLETE ITEMS 1 AND 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN
ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING
BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED ON THE** |

8    | **APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.** |

9    **Item 1. Class 1 Vote.**  The undersigned, a holder of a General Unsecured  Claim in Class 6 of the Plan in the amount set forth
below, votes to (check one box):

10    ☑  **ACCEPT** the Plan.              ☐   **REJECT** the Plan.

11    Creditor: Pablo Alberto Gutiérrez   Claim Amount: $ 6,833.33

12    *If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but
are not limited to, the releases contained in Section 13.4 of the Plan.*

13

14    **Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the
other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to
accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed

15    but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

16    Pablo Alberto Gutiérrez
Name

17              **REDACTED**

18    Social Security or Federal Tax I.D. No. (optional)

19    Signature

20    Katherine E. Hall
If my Authorized Agent, Name and Title

21    Foley & Lardner LLP
Name of Institution

22    111 North Orange Ave. Suite 1800
Street Address

23    Orlando, FL 32801-2386
City, State, Zip Code

24

25    (407) 423 7656
Telephone Number

26    12/01/2010
Date Completed

27

28

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1. Class 1 Vote.** The undersigned, a holder of a Secured Tax Claim in Class 4 of the Plan in the amount set forth below, votes to (check <u>one</u> box):

☒ **ACCEPT** the Plan.          ☐ **REJECT** the Plan.

Tax Collector
Creditor: <u>Los Angeles County</u> Claim Amount: $ <u>As of 9/30/10  $1,689,617.63</u>

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

Barry S. Glaser
Name

Social Security or Federal Tax I.D. No. (optional)

Signature

Attorney
If my Authorized Agent, Name and Title

Los Angeles County
Tax Collector
Name of Institution

333 S. Hope Street, Ste. 3600
Street Address

Los Angeles, CA 90071
City, State, Zip Code

(213) 229-2868
Telephone Number

12-7-10
Date Completed

CHIC_5082933.2

2

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above.  Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote.**  The undersigned, a holder of a Sun Claim in Class 3 of the Plan in the amount set forth below, votes to (check one box):

☒ ACCEPT the Plan.                    ☐ REJECT the Plan.

Creditor: <u>Sun Capital Healthcare,</u>  Claim Amount: $ <u>23,079,731.59</u> as of 11/30/10
<u>Inc.</u>

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan.  Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

<u>Sun Capital Healthcare, Inc.</u>
Name

# REDACTED

Social Security or Federal Tax I.D. No. (optional)

Signature

<u>Lawrence Leder, CFO</u>
If my Authorized Agent, Name and Title
<u>Sun Capital Healthcare, Inc.</u>
Name of Institution

<u>999 Yamato Road, Third Floor</u>
Street Address
<u>Boca Raton, Florida 33431</u>
City, State, Zip Code

<u>(561) 995-9615</u>
Telephone Number

<u>December 7, 2010</u>
Date Completed

CHIC_5082932.2

2

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if the Plan (i) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class of Claims who vote on the Plan and (ii) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to Katherine E. Hall, Foley & Lardner LLP, 111 North Orange Avenue, Suite 1800, Orlando, FL 32801-2386 (by United States mail, overnight delivery or personal courier), so that it is received by the deadline indicated above. Ballots submitted by e-mail or facsimile transmission will not be accepted.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND**
**INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST WITH RESPECT TO THE APPLICABLE CLASS. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Class 1 Vote.** The undersigned, a holder of a HCREIT Claim in Class 2 of the Plan in the amount set forth below, votes to (check <u>one</u> box):

      ☒ **ACCEPT** the Plan.          ☐ **REJECT** the Plan.

Creditor: _Health Care REIT, Inc._      Claim Amount: $ _9,212,804.17_

*If you vote to accept the Plan, you are specifically consenting to the releases contained in the Plan. Such releases include, but are not limited to, the releases contained in Section 13.4 of the Plan.*

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as having been cast.

Health Care REIT, Inc.
_____
Name

**REDACTED**
_____
Social Security or Federal Tax I.D. No. (optional)

_Erin C. Ibele_ (signature)
_____
Signature   Erin C. Ibele, Senior Vice President-
Administration and Corporate Secretary
_____
If my Authorized Agent, Name and Title

Health Care REIT, Inc.
_____
Name of Institution

4500 Dorr Street
_____
Street Address
Toledo, Ohio  43615-4040
_____
City, State, Zip Code

(419) 247-2800
_____
Telephone Number

December 7, 2010
_____
Date Completed

CHIC_5082910.2

2

# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**
Case Name: Pacifica of the Valley Corporation, Case Number: 1:09-bk-11678-MT
Confirmation Hearing Date: December 15, 2010 at 1:00 p.m.

### SECTION 1126 BALLOT FORM
### BALLOT TABULATION

| | # BALLOTS CAST | # AND % ACCEPTING | # AND % REJECTING | $ AND % ACCEPTING | $ AND % REJECTING | CLASS ACCEPTING | CLASS REJECTING |
|---|---|---|---|---|---|---|---|
| CLASS 1 | N/A | | | | | N/A | N/A |
| CLASS 2 | 1 | 1 100% | $0.00 0% | $9,212,804.17 100% | $0.00 0% | √ | |
| CLASS 3 | 1 | 1 100% | $0.00 0% | $23,079,731.59 100% | $0.00 0% | √ | |
| CLASS 4 | 1 | 1 100% | $0.00 0% | $1,689,617.63 100% | $0.00 0% | √ | |
| CLASS 5 | 0 | | | | | N/A | N/A |
| CLASS 6[1] | 18 | 18 100% | $0.00 0% | $2,551,353.20[2] 100% | $0.00 0% | √ | |
| CLASS 7 | N/A | | | | | N/A | N/A |
| CLASS 8 | N/A | | | | | N/A | N/A |
| | | YES | NO | | | | |
| | PLAN ACCEPTED | √ | | | | | |

[1] The Ballot of Alliance International Security, Inc., who attempted to accept the Plan, is not included in the tabulation because it arrived too late (received on December 9, 2010). This Ballot has not been counted, and it has no effect on the acceptance of the Plan by Class 6. In addition, the Ballot of Orange County Health Authority, d/b/a CalOptima in the amount of $541.62 was included in the tabulation although the Debtor has not yet confirmed that such creditor is eligible to vote. This Ballot also has no effect on the acceptance of the Plan by Class 6.

2 This amount is $15,000 less than the aggregate amounts set forth on the Class 6 Ballots because, under the Disclosure Statement Order, Dr. Bruce Kovacs is entitled to vote in the amount of $85,000 rather than the $100,000 set forth on his Ballot.

**Please note the following provisions of Title 11. Section 1126 of the United States Code**

(c) A class of claims has accepted a plan if such plan has been accepted by creditors other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class help by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

(d) A class of interests has accepted a plan if such plan has been accepted by holders of such interest, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount of the allowed interests of such class held by holders of such interests, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

(e) On request of a party in interest, and after notice and a hearing, the court may designate any entity whose acceptance or rejection of such plan was not in good faith, or was not solicited or procured in good faith or in accordance with the provisions of this title.

# EXHIBIT B

Edward J. Green (IL BAR NO. 6225069) (*PRO HAC VICE*)
Geoffrey S. Goodman (IL BAR NO. 6272297) (*PRO HAC VICE*)
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL  60654-5313
Telephone:  312.832.4500
Facsimile:  312.832.4700
Email:  egreen@foley.com
Email:  ggoodman@foley.com

DAVID GOULD (CA Bar No. 37947)
DAVID GOULD, A PROFESSIONAL CORPORATION
23975 Park Sorrento, Suite 200
Calabasas, CA 91302-4001
Telephone: 818.222.8092
Facsimile: 818.449.4803
Email:  dgould@davidgouldlaw.com

Attorneys for Debtor and
Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE:<br><br>PACIFICA OF THE VALLEY CORPORATION,[1]<br><br>DEBTOR. | CASE NO.  1:09-bk-11678-MT<br><br>CHAPTER 11<br><br>**DECLARATION OF AYMAN MOUSA IN SUPPORT OF CONFIRMATION OF THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED** |

---

[1] The Debtor in this proceeding is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (Tax ID No. 33-0737312), with a mailing address of 9449 San Fernando Rd., Sun Valley, CA 91352-1421.

I, Ayman Mousa, hereby submit this Declaration in support of confirmation of the Second Amended Chapter 11 Plan of Reorganization, as Modified (the "Plan"), of Pacifica of the Valley Corporation, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") and declare as follows.[2]

1.      I am the Chief Executive Officer of the Debtor.  As CEO of the Debtor, I am familiar with the Debtor's day-to-day operations, business affairs and books and records.

2.      I make this declaration in support of confirmation of the Plan.

## I.      INTRODUCTION

3.      The Debtor's chapter 11 case began on February 17, 2009 (the "Petition Date") when it filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.  The Debtor is continuing in possession of its properties and is operating and managing its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, subject to the control and supervision of this Court.

4.      On September 14, 2010, the Debtor filed its initial version of the Plan and accompanying Disclosure Statement (the "Disclosure Statement").  On November 16, 2010, the Debtor filed an amended Disclosure Statement and Plan.  On November 17, 2010, this Court entered an Order: (A) Approving Disclosure Statement; (B) Scheduling a Hearing on Confirmation of the Debtor's Second Amended Chapter 11 Plan of Reorganization; (C) Approving Solicitation Packages and Procedures for the Distribution of the Disclosure Statement; (D) Approving Form of Ballots; and (E) Establishing Voting Deadlines and Procedures for Tabulation of Votes (the "Disclosure Statement Order").

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

5.      A hearing on confirmation of the Plan (the "Confirmation Hearing") is scheduled for December 15, 2010 at 1:00 p.m.

## II.    OVERVIEW OF THE PLAN

6.      The Plan provides for a reorganization of the Debtor's Estate and the continued operation of the Debtor's hospital in Sun Valley, CA.  Under the Plan, the Debtor will obtain a term loan (the "Sun Term Loan") from Sun Capital Healthcare, Inc. ("Sun"), the entity that provided a pre-petition and post-petition factoring facility for the Debtor's accounts receivable, in the amount of $2.5 million to fund the Debtor's operation of its hospital after the Effective Date.

7.      Sun will also receive (a) cash on the Effective Date on account of the Sun AR Tranche (approximately $4.75 million), and (b) the Sun Promissory Note, in the amount of $17,860,000, on account of the Sun DSH Tranche.  The Sun Promissory Note matures on the date that is seven years after the Effective Date.

8.      Health Care REIT, Inc. ("HCREIT"), the current holder of a senior deed of trust on the Debtor's real estate, improvements, fixtures and equipment, will receive the HCREIT Promissory Note on account of its claims against the Debtor, as well as the approximately $3.8 million HCREIT Cash Payment on the Effective Date ($2,644,000 of which will be applied to the principal amount of the HCREIT Promissory Note).  The Debtor will pay off the HCREIT Promissory Note over a thirty-six (36) month period following the Effective Date.

9.      Holders of General Unsecured Claims will receive a Pro Rata Interest in the General Unsecured Promissory Note on account of their claims.  The General Unsecured Promissory Note will have a principal amount equal to $4,575,000. The General Unsecured Promissory Note also matures on the date that is seven years after the Effective Date.  At the time of any payment by the Reorganized Debtor on account of the Sun Promissory Note, the Reorganized Debtor shall pay an amount equal

to twenty-five percent (25%) of such payment on account of the General Unsecured Promissory Note.

10. Holders of Subordinated Claims in Class 7 and holders of Equity Interests in Class 8 will receive no distributions under the Plan and their votes were not solicited.

11. On the Effective Date and simultaneously with the vesting of the Debtor's assets in the Reorganized Debtor, the Reorganized Debtor shall enter into the Recapitalization Agreement, which shall be approved pursuant to the Confirmation Order. The Recapitalization Agreement is the document pursuant to which the Reorganized Debtor will issue 100% of the New Stock in the Reorganized Debtor to Paul R. Tuft ("Tuft") on the Effective Date and simultaneously with the vesting of assets in the Reorganized Debtor. Accordingly, Tuft will hold and own all of the New Stock in the Reorganized Debtor as of the Effective Date.

## III.    <u>VOTING ON THE PLAN</u>

12. Pursuant to the Plan and the Disclosure Statement, Class 2 (HCREIT Claims), Class 3 (Sun Claims), Class 4 (Secured Tax Claims), Class 5 (Other Secured Claims) and Class 6 (General Unsecured Claims) are Impaired and entitled to vote to accept or reject the Plan. Classes 2, 3, 4 and 6 voted to accept the Plan. Indeed, every single creditor voting on the Plan voted to accept the Plan. Class 5 did not vote to accept or reject the Plan only because none of the few members of that Class submitted a ballot. The results of the Debtor's solicitation of votes under the Plan are set forth in greater detail in the Declaration of Katherine E. Hall Certifying Voting on and Tabulation of Ballots Accepting and Rejecting the Debtor's Second Amended Chapter 11 Plan of Reorganization.

## IV.    PRIMARY TERMS OF THE PLAN

### A.    Designation And Treatment Of Classes

13.    Article III of the Plan designates a total of eight Classes of Claims and Equity Interests.   Each Class of Claims and Equity Interests — Priority Claims, HCREIT Claims, Sun Claims, Secured Tax Claims, Other Secured Claims, General Unsecured Claims, Subordinated Claims and Equity Interests — represents distinct Claims and Equity Interests against or in the Debtor's Estate and are substantially similar to each Claim or Equity Interest in their respective Classes.   Administrative Expense Claims and Priority Tax Claims have not been classified, which Debtor's counsel has informed me is appropriate under section 1123(a)(1) of the Bankruptcy Code.

14.    The Plan further specifies (a) the Class of Claims that is considered Unimpaired under the Plan (Class 1), and (b) the treatment to be accorded to those Classes of Claims and Equity Interests that are considered impaired under the Plan (Classes 2 through 8).   The treatment of each Claim or Equity Interest within a Class is the same as the treatment of every other Claim or Equity Interest in such Class.

### B.    Adequate Means For Implementation Of The Plan

15.    I believe that Article VI and various other provisions of the Plan specifically provide adequate means for the Plan's implementation, including, without limitation:  (i) the vesting and retention of all property of the Estate, including all claims, rights and Causes of Action, other than Assigned Causes of Action, in the Reorganized Debtor, as of the Effective Date, free and clear of all Claims, Liens, charges, other encumbrances, and Equity Interests; (ii) funding for the Plan in accordance with the provisions of the Plan, including the Sun Term Loan; (iii) the Reorganized Debtor's entry into the Recapitalization Agreement with Tuft, which shall be approved pursuant to the Confirmation Order; (iv) appointment of the Class 6 Creditor Trustees to administer the

Class 6 Creditor Trust for the benefit of holders of Allowed General Unsecured Claims; and (v) closing of the Debtor's chapter 11 case.

### C.    Post-Confirmation Corporate Governance Issues

16.    The Debtor's Amended Certificate of Incorporation and Bylaws shall include all information required under section 1123(a)(6) of the Bankruptcy Code, including regarding the voting of non-equity securities.

17.    In addition, the Plan provisions providing for the selection of Officers and members of the Board of Directors (i.e., Sections 1.69 and 6.8) are consistent with the interests of creditors and equity security holders and with public policy.

### D.    Treatment Of Executory Contracts And Unexpired Leases

18.    Section 9.1 of the Plan provides in relevant part that, "[e]xcept as otherwise provided in the Confirmation Order, pursuant to §§ 365(a) and 1123(b)(2) of the Bankruptcy Code, all remaining Executory Contracts and Unexpired Leases that exist between the Debtor and any Person shall be deemed rejected as of the Effective Date, except for any Executory Contract or Unexpired Lease (i) that has been assumed, assumed and assigned or rejected pursuant to an order of the Bankruptcy Court entered prior to the Effective Date, or (ii) as to which a motion for approval of the assumption, assumption and assignment or rejection has been filed prior to the later of (x) the Effective Date, or (y) January 31, 2011."

### E.    The Debtor Proposed The Plan In Good Faith

19.    A review of the Plan and the process leading to its proposal demonstrates the Debtor's good faith.  First, consistent with the overriding purpose of chapter 11 of the Bankruptcy Code, the Plan is designed to allow the Debtor to reorganize by providing it with a capital structure that will allow it to satisfy its obligations with sufficient liquidity and capital resources and to otherwise conduct its business.  Second,

the Plan itself, and the process leading to its formulation, including arms' length negotiations among the Debtor, the Committee, Sun, HCREIT and several other parties, provide additional and independent evidence of the Debtor's good faith. Third, the Plan provides for substantial distributions to holders of Allowed General Unsecured Claims in Class 6 in an effort to provide significant value to the Debtor's stakeholders.

**F.    All Payments The Debtor Is To Make To Professionals In Connection With This Case Are Subject To The Approval Of This Court**

20.    Any payments made by the Debtor to professionals for services or for costs and expenses in, or in connection with, this chapter 11 case, have been or will be disclosed to the Bankruptcy Court in applications to employ professionals and in interim applications for compensation of fees and reimbursement of expenses. Moreover, pursuant to Section 2.2(a) of the Plan, any compensation of fees or reimbursement of expenses paid by the Debtor to Professionals pursuant to monthly invoices or interim applications will be subject to final approval by the Bankruptcy Court pursuant to section 330 of the Bankruptcy Code.

**G.    The Plan Does Not Provide For Any Rate Changes Subject To Regulatory Approval**

21.    The Debtor's business does not involve the establishment of rates over which any regulatory commission will have jurisdiction after Confirmation.

**H.    The Plan Provides For Payment Of Administrative Expense Claims And Priority Tax Claims And Priority Claims**

22.    The Plan provides for payment in full on the Effective Date, or as soon thereafter as is practicable, of (a) all Allowed Administrative Expense Claims (i.e., Claims entitled to administrative priority under sections 503(b) and 507(a)(2) of the Bankruptcy Code), and (b) all Allowed Priority Claims (i.e., all other Claims entitled to priority under section 507(a) other than Priority Tax Claims under section 507(a)(8)). See Plan §§ 2.1, 5.1.

23.    Section 2.3 of the Plan provides that holders of Allowed Priority Tax Claims will receive payment in full on account of such Claims in "quarterly cash payments beginning on the final day of the first full quarter after the Effective Date and ending five years after the Petition Date."

24.    Section 5.4 of the Plan provides that holders of Secured Tax Claims[3] shall retain their Liens and receive the same treatment under the Plan as holders of Allowed Priority Tax Claims (i.e., payment in full through quarterly cash payments ending five years after the Petition Date).

## I.    The Plan Provides For The Payment of Statutory Fees

25.    Section 6.14 of the Plan provides for the payment of all fees payable under 28 U.S.C. § 1930 on the Effective Date and until the liability for paying such fees ends under 28 U.S.C. § 1930(a)(6).

## J.    Retiree Benefits

26.    Pursuant to Section 6.18 of the Plan, from and after the Effective Date, the Reorganized Debtor will be obligated to pay retiree benefits (as defined in § 1114(a) of the Bankruptcy Code), if any, in accordance with the terms of any retiree benefit plans or other agreements governing the payment of such benefits, subject to any rights to amend, modify or terminate such benefits under the terms of the applicable retiree benefits plan, other agreement or applicable non-bankruptcy law.

---

[3] A Secured Tax Claim is a Claim that would otherwise meet the description of an unsecured Claim of a governmental unit under § 507(a)(8) of the Bankruptcy Code but is secured by a Lien on property in which the Estate has an interest, to the extent of the value of the Claimant's interest in the Estate's interest in such property. See Plan § 1.94.

**K.** **The Plan Does Not Discriminate Unfairly And Is Fair And Equitable With Respect To Classes 5, 7 and 8**

27.     I understand that holders of Other Secured Claims in Class 5 are deemed not to have accepted the Plan because no vote was submitted by any of the few members of that Class.  I also understand that Classes 7 and 8 are deemed to reject the Plan.  Nevertheless, the Plan does not "discriminate unfairly" and is "fair and equitable" with respect to Classes 5, 7 and 8, as these terms have been described to me by counsel.  <u>First</u>, Class 5 consists of Other Secured Claims, which are secured claims under section 506(a) of the Bankruptcy Code other than the separately classified HCREIT Claims, Sun Claims and Secured Tax Claims.  The Plan treats holders of Claims in Class 5 similar to the other Classes of secured claims under the Plan in that holders of Claims in Class 5 retain their Liens and are paid the value of their Secured Claims in quarterly installment payments over a seven year period following the Effective Date.

Second, Class 7 consists of Subordinated Claims under section 510 of the Bankruptcy Code or other applicable law and Class 8 consists of Equity Interests.  For both of these Classes, (a) there is no other Class of equal rank under the Plan, and (b) there are no Classes junior to Classes 7 or 8 that will receive or retain any property under the Plan.

**L.** **The Purpose Of the Plan Is Not To Avoid Taxes**

28.     The purpose of the Plan is not to avoid taxes or securities laws.  Rather, the "principal purpose" of the Plan is to reorganize the Debtor's estate for the benefit of the Debtor's secured creditors, unsecured creditors and other stakeholders.

**V.** **THE SETTLEMENTS AND RELEASES IN THE PLAN ARE PROPER**

29.     The Plan incorporates a number of settlements and/or releases between or among, as applicable, the Debtor, HCREIT, Sun, the Committee, the Envision Entities, Serra and other parties.  The various settlements and accompanying releases

9

embodied in the Plan are a fair and reasonable resolution of the issues and claims addressed therein and are in the best interests of the Debtor's Estate and its creditors.

30.     The Plan itself, which embodies the various settlements between and among the parties, is the product of extensive, arms' length negotiations among the Debtors, HCREIT, Sun, the Committee, Serra, the Envision Entities and the Debtor's unions and employees.  Indeed, the parties negotiated the terms of the settlements over many months.  Moreover, the settlements, among other things, (a) allow for a return to holders of General Unsecured Claims, (b) result in the release of a significant General Unsecured Claim by Serra, and (c) fix the treatment of the Allowed Envision Claim.

31.     Moreover, the appropriateness of the settlements embodied in the Plan is further reflected by (a) the lack of objections by any creditor or party-in-interest to the Plan or the settlements contained therein, and (b) the acceptance of the Plan by each creditor voting on the Plan.

## VI.    PROPOSED AMENDMENTS TO THE PLAN

32.     The Debtor has made certain non-material amendments to the Plan in order to address comments by third parties and clarify certain issues (the "Non-Material Amendments").  The Non-Material Amendments are reflected in the redlined copy of the Plan attached as Exhibit D to the Memorandum in Support of Confirmation of the Plan filed by the Debtor (the "Memorandum").  The Non-Material Amendments can be summarized as follows:

- Envision Amendments – Per the request of the chapter 7 trustee of Envision Hospital Corp., the Debtor amended Sections 13.4 and 13.5 of the Plan to provide that the Envision Entities are not releasing claims against non-debtors, and those same non-debtors are not releasing claims against the Envision Entities.  See Plan §§ 13.4, 13.5.

- <u>Executory Contracts and Unexpired Leases</u> – The Debtor has amended Section 9.1 of the Plan to extend the deadline to file a motion to assume its Executory Contracts and Unexpired Leases to "the later of (x) the Effective Date, or (y) January 31, 2011." <u>See</u> Plan § 9.1.

- <u>Plan Supplement</u> – The Debtor's Plan Supplement will now be filed on or before the Effective Date to, among other things, allow the parties to finalize loan documents. <u>See</u> Plan § 1.77.

- <u>Clarifying Comments to Ensure Compliance with Section 1129(a)</u> – The Debtor has made certain clarifying amendments to ensure compliance with section 1129 of the Bankruptcy Code: (i) adding Section 6.18 to the Plan on retiree benefits; (ii) including detail in Section 6.8(b) of the Plan on the Reorganized Debtor's selection process for its Board of Directors; and (iii) clarifying the treatment of holders of Other Secured Claims in Section 5.5 of the Plan. <u>See</u> Plan §§ 1.69, 5.5, 6.8(b), 6.18.

## VI.    CONCLUSION

33.    I believe the Plan achieves its goal of reorganizing the Debtor's Estate and maximizing the value of distributions to all creditors and other stakeholders on a fair and equitable basis. I therefore respectfully request that the Court enter an order, in the form attached as <u>Exhibit E</u> to the Memorandum, confirming the Plan.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct and that this declaration was executed in Sun Valley, California on December 14, 2010.

**AYMAN MOUSA**
**CHIEF EXECUTIVE OFFICER,**
**PACIFICA OF THE VALLEY**
**CORPORATION**

CHIC_5135998.1

11

# EXHIBIT C

1

2

3

4

5

6

7

8

9

10

Edward J. Green (IL BAR NO. 6225069) (*PRO HAC VICE*)
Geoffrey S. Goodman (IL BAR NO. 6272297) (*PRO HAC VICE*)
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL  60654-5313
Telephone:  312.832.4500
Facsimile:  312.832.4700
Email:  egreen@foley.com
Email:  ggoodman@foley.com

DAVID GOULD (CA Bar No. 37947)
DAVID GOULD, A PROFESSIONAL CORPORATION
23975 Park Sorrento, Suite 200
Calabasas, CA 91302-4001
Telephone: 818.222.8092
Facsimile: 818.449.4803
Email:  dgould@davidgouldlaw.com

Attorneys for Debtor and
Debtor in Possession

11

12

13

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| IN RE:<br><br>PACIFICA OF THE VALLEY CORPORATION,[1]<br><br>DEBTOR. | CASE NO.  1:09-bk-11678-MT<br><br>CHAPTER 11<br><br>**DECLARATION OF LARRY TYRRELL IN SUPPORT OF CONFIRMATION OF THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED** |

---

[1] The Debtor in this proceeding is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (Tax ID No. 33-0737312), with a mailing address of 9449 San Fernando Rd., Sun Valley, CA 91352-1421.

I, Larry Tyrell, hereby submit this Declaration in support of confirmation of the Second Amended Chapter 11 Plan of Reorganization, as Modified (the "Plan"), of Pacifica of the Valley Corporation, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") and declare as follows.[2]

1.      I am the Chief Financial Officer of the Debtor.  As CFO of the Debtor, I am familiar with the Debtor's day-to-day operations, business affairs and books and records.

2.      I make this declaration in support of confirmation of the Plan.

## I.      THE PLAN MEETS THE BEST INTERESTS OF CREDITORS TEST

3.      Based on my analysis of the value of the Debtor's assets and liabilities, I believe that (a) the Plan maximizes the value of the Debtor's assets, and (b) liquidation of the Debtor's assets would be detrimental to each Class of Claims.  To estimate what members of each Impaired Class of Claims or Equity Interests would receive if the Debtor were liquidated under chapter 7 of the Bankruptcy Code, this Court must first determine the aggregate dollar amount that would be available if the Debtor's Chapter 11 Case were converted to a chapter 7 case under the Bankruptcy Code and the Debtor's assets were liquidated by a chapter 7 trustee (the "Liquidation Value").  The Liquidation Value of the Debtor would consist of the net proceeds from the disposition of the Debtor's assets, augmented by any cash held by the Debtor.

4.      The Liquidation Value available to holders of General Unsecured Claims and Equity Interests would be reduced, first, by the claims of secured creditors to the extent of the value of their collateral and, second, by the costs and expenses of liquidation, as well as by other administrative expenses and costs of both the chapter 7 case and the Chapter 11 Case.  Costs of liquidation under chapter 7 of the Bankruptcy

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Code would include the compensation of a trustee, as well as of counsel and other professionals retained by the trustee, asset disposition expenses, all unpaid expenses incurred in the Chapter 11 Case that are allowed in the chapter 7 case, and litigation costs and claims arising from the operations of the Debtor during the pendency of the chapter 11 cases.  The liquidation itself could trigger certain Priority Claims, such as claims for severance pay.

5.	Based on the Debtor's liquidation analysis set forth on Exhibit G to the Disclosure Statement, I believe that holders of Claims will receive a substantially greater value as of the Effective Date under the Plan than such holders would receive under a chapter 7 liquidation.  Among other things, (a) holders of HCREIT Claims and Sun Claims would receive significantly less under a chapter 7 liquidation than they are receiving under the Plan, and (b) holders of General Unsecured Clams would receive no recoveries under a chapter 7 liquidation, while such creditors are receiving an estimated distribution of 43.16% on account of their Claims under the Plan.

6.	Moreover, in an actual liquidation of the Debtor, I have been informed that distributions to holders of Claims would be delayed by the chapter 7 process.  This delay would materially reduce the amount determined on a present value basis available for distribution to creditors.  The hypothetical chapter 7 liquidation of the Debtor is assumed to commence on December 31, 2010 and to be completed within approximately three months thereafter.   The Liquidation Analysis assumed that distributions are made by the chapter 7 trustee beginning approximately five months following commencement of the liquidation and completed within three months thereafter.  As a result, I believe the value of the liquidation distributions on a present value basis determined as of the projected Effective Date would be less than the value distributable under the Plan to each Class of Claims including, but not limited to, all secured Claims.

7.      Based on the foregoing analysis, no dissenting holder of a Claim or Equity Interest in an Impaired Class (if one even exists) will receive less under the Plan than it would receive in a chapter 7 liquidation.

## II.    THE PLAN IS FEASIBLE

8.      The Plan is feasible.  The Debtor has demonstrated its ability to meet its obligations under the Plan with respect to future operations.  The projections attached as Exhibit F to the Disclosure Statement indicate that the Reorganized Debtor will be a financially viable entity in the future.  The projections provide that, after giving effect to Confirmation and the consummation of the transactions contemplated by the Plan, and subject to the limitations and assumptions described in the Disclosure Statement, the Reorganized Debtor will have sufficient cash to meet its future financial obligations during the projection period and thereafter, including by paying cash interest and scheduled amortization on its outstanding indebtedness.  The Debtor therefore can meet its financial obligations under the Plan to holders of HCREIT Claims, Sun Claims, Priority Claims, Secured Tax Claims and General Unsecured Claims and other parties while still continuing to operate and provide vital services for the patients it serves in the San Fernando Valley.

9.      The projections therefore demonstrate that:  (a) the Plan provides a feasible means of completing a reorganization of the Debtor's business; and (b) subject to the risks described in the Disclosure Statement, there is a reasonable prospect that Confirmation of the Plan is not likely to be followed by the liquidation, or need for further financial reorganization, of the Debtor.

1    I declare under penalty of perjury under the laws of the United States of

2 America that the forgoing is true and correct and that this declaration was executed in

3 Sun Valley, California on December 14, 2010.

4

5

6          **LARRY TYRRELL**

           **CHIEF FINANCIAL OFFICER,**

7           **PACIFICA OF THE VALLEY**

8           **CORPORATION**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28