Edward J. Green (IL BAR NO. 6225069) (*PRO HAC VICE*)
Geoffrey S. Goodman (IL BAR NO. 6272297) (*PRO HAC VICE*)
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL  60654-5313
Telephone:  312.832.4500
Facsimile:  312.832.4700
Email:  egreen@foley.com
Email:  ggoodman@foley.com

DAVID GOULD (CA Bar No. 37947)
DAVID GOULD, A PROFESSIONAL CORPORATION
23975 Park Sorrento, Suite 200
Calabasas, CA 91302-4001
Telephone: 818.222.8092
Facsimile: 818.449.4803
Email:  dgould@davidgouldlaw.com

Attorneys for Debtor and
Debtor in Possession

FILED & ENTERED

DEC 27 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY natan        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

IN RE:

PACIFICA OF THE VALLEY CORPORATION,[1]

DEBTOR.

CASE NO.  1:09-bk-11678-MT

CHAPTER 11

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED

---

[1] The Debtor in this proceeding is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (Tax ID No. 33-0737312), with a mailing address of 9449 San Fernando Rd., Sun Valley, CA 91352-1421.

# INTRODUCTION

Pacifica of the Valley Corporation (the "Debtor") having filed its Second Amended Plan of Reorganization, as modified, dated as of December 17, 2010, which is docket entry number 598 (the "Plan"); the Court having entered an order, dated November 17, 2010:  (A) Approving Disclosure Statement, (B) Scheduling a Hearing on Confirmation of the Debtor's Second Amended Chapter 11 Plan of Reorganization; (C) Approving Solicitation Packages and Procedures for the Distribution of the Disclosure Statement; (D) Approving Form of Ballots; and (E) Establishing Voting Deadlines and Procedures for the Tabulation of Votes (the "Disclosure Statement Order"); the Debtor having distributed notice of the Disclosure Statement Order (the "Confirmation Hearing Notice"), the Plan and the Disclosure Statement in accordance with the Disclosure Statement Order together with Ballots to accept or reject the Plan; no objections having been filed to confirmation of the Plan; the Debtor having filed a Memorandum of Law in Support of Confirmation of the Debtor's Second Amended Joint Plan of Liquidation, as Modified (the "Confirmation Memorandum"); the Debtor having filed (i) the Declaration of Katherine E. Hall Certifying Voting on and Tabulation of Ballots Accepting and Rejecting the Debtor's Second Amended Chapter 11 Plan of Reorganization (the "Hall Declaration"), (ii) the Declaration of Ayman Mousa in Support of Confirmation of the Debtor's Second Amended Joint Plan of Liquidation, as Modified (the "Mousa Declaration"), and (iii) the Declaration of Larry Tyrrell in Support of Confirmation of the Debtor's Second Amended Joint Plan of Liquidation, as Modified (the "Tyrrell Declaration" and, collectively with the Hall Declaration and the Mousa Declaration, the "Supporting Declarations"); the Court having considered the Plan, the Confirmation Memorandum, the Supporting Declarations and all statements and comments regarding Confirmation and the records and files in the Chapter 11 Case; the Confirmation Hearing having been conducted on December 15, 2010; the Court having heard the statements of counsel at the Confirmation Hearing; the Court having considered all testimony presented and evidence admitted at the Confirmation Hearing and the record in these proceedings to

date; the Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 Case; and it appearing to the Court that (a) the Confirmation Hearing Notice and the opportunity of any party-in-interest to object to Confirmation were fair, adequate and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby, and (b) the legal and factual bases set forth in the Confirmation Memorandum and presented at the Confirmation Hearing establish just cause for the relief granted herein;

NOW, THEREFORE, the Court hereby makes the following Findings of Fact and Conclusions of Law and enters the following Order:[2]

## I.   FINDINGS OF FACT

### A.   Jurisdiction and Venue

On February 17, 2009 (the "Petition Date"), the Debtor commenced its Chapter 11 Case in good faith by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).  The Debtor was and  is qualified to be debtor under section 109 of the Bankruptcy Code. Venue in the Central District of California was proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.   Compliance with Section 1129 of the Bankruptcy Code

#### 1.   Section 1129(a)(1) – Compliance of the Plan with Applicable Provisions of the Bankruptcy Code

a.   The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including, without limitation, sections 1122 and 1123 of the Bankruptcy Code.  Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the Plan designates

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

separate Classes of Claims and Equity Interests (other than Administrative Expense Claims and Priority Tax Claims).  As required by section 1122(a) of the Bankruptcy Code, each such Class of Claims and Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class.

          b.     Pursuant to section 1123(a)(2) and (3) of the Bankruptcy Code, Article IV of the Plan specifies all Claims that are Unimpaired under the Plan and specifies the treatment of all Claims and Equity Interests that are Impaired under the Plan.

          c.     Pursuant to section 1123(a)(4) of the Bankruptcy Code, Article III of the Plan provides the same treatment for each Claim or Equity Interest within a particular Class.

          d.     Pursuant to section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for the Plan's implementation.  On the Effective Date and thereafter, as applicable, the Reorganized Debtor will have sufficient cash to make all payments required to be made pursuant to the terms of the Plan.

          e.     The Debtor's Amended Certificate of Incorporation and Bylaws include all information required under section 1123(a)(6) of the Bankruptcy Code.

          f.     As required by section 1123(a)(7) of the Bankruptcy Code, (a) the Debtor has selected the initial Officers and member of the Board of Directors in a manner consistent with the interests of creditors and equity security holders and with public policy, and (b) the manner in which successor Officers and members of the Board of Directors will be chosen is consistent with those interests and with public policy.

**2.** **Section 1129(a)(2) – Compliance by the Debtor with Applicable Provisions of the Bankruptcy Code**

The Debtor, as the proponent of the Plan, complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the Bankruptcy Code including, without limitation, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019. The Disclosure Statement and the procedures by which the Ballots were solicited were fair, properly conducted and in accordance with section 1125(b) of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018.

**3.** **Section 1129(a)(3) – Proposal of the Plan in Good Faith**

The Debtor proposed the Plan in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based on the uncontroverted evidence presented at the Confirmation Hearing, this Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of reorganizing the business affairs of the Debtor and maximizing the returns available to creditors of the Debtor. Consistent with the overriding purpose of chapter 11 of the Bankruptcy Code, the Plan is designed to allow the Debtor to reorganize by providing it with a capital structure that will allow it to satisfy its obligations with sufficient liquidity and capital resources and to otherwise conduct its business. Moreover, the Plan itself, and the process leading to its formulation, including arms' length negotiations among the Debtor, the Committee, Sun, HCREIT and several other parties, provide additional and independent evidence of the Debtor's good faith.

**4.** **Section 1129(a)(4) – Bankruptcy Court Approval of Certain Payments as Reasonable**

Pursuant to section 1129(a)(4) of the Bankruptcy Code, any payments made by the Debtor to Professionals for services or for costs and expenses in, or in connection with, this Chapter 11 Case, have been or will be disclosed to the Bankruptcy Court in applications to employ Professionals filed with the Bankruptcy Court and interim

applications for compensation of fees and reimbursement of expenses. Pursuant to Section 2.2(a) of the Plan, any compensation of fees or reimbursement of expenses paid by the Debtor to Professionals pursuant to monthly invoices or interim applications will be subject to final approval by the Bankruptcy Court pursuant to section 330 of the Bankruptcy Code.

**5.      Section 1129(a)(5) – Disclosure of Identity of Proposed Management, Compensation of Insiders and Consistency of Management Proposals with the Interests of Creditors and Public Policy**

Pursuant to section 1129(a)(5) of the Bankruptcy Code, the selection process for the initial Officers and member of the Board of Directors of the Reorganized Debtor is disclosed in the Plan. The appointment or continuation of the proposed Officers and members of the Board of Directors is consistent with the interests of the holders of Claims and Equity Interests and with public policy.

**6.      Section 1129(a)(6) – Approval of Rate Change by Regulatory Commission**

The Debtor's hospital does not involve the establishment of rates over which any regulatory commission has or will have jurisdiction after Confirmation. Accordingly, section 1129(a)(6) of the Bankruptcy Code is not applicable.

**7.      Section 1129(a)(7) – Best Interests of Creditors**

With respect to each Impaired Class of Claims and Equity Interests, each holder of an Allowed Claim or Equity Interest in each such Impaired Class has accepted or is deemed to have accepted the Plan or, as demonstrated by the liquidation analysis included as Exhibit G to the Disclosure Statement and the Tyrrell Declaration, will receive or retain under the Plan on account of such Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.

**8.      Section 1129(a)(8) – Acceptance of the Plan by each Impaired Class**

Pursuant to sections 1124, 1126 and 1129(a)(8) of the Bankruptcy Code, (a) as indicated in Article IV of the Plan, Class 1 is Unimpaired and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, Class 1 is conclusively deemed to have accepted the Plan, and (b) as indicated in the Hall Declaration, holders of Allowed Claims in Classes 2 , 3, 4 and 6 have accepted the Plan pursuant to section 1126(a) of the Bankruptcy Code.  Because the Plan provides that the holders of Claims in Class 7 and Equity Interests in Class 8 will not receive or retain any property on account of such Claims or Equity Interests, Classes 7 and 8 are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  In addition, no member of Class 5 voted on the Plan.  Notwithstanding the lack of compliance with section 1129(a)(8) with respect to Classes 5, 7 and 8, the Plan is confirmable because, as more fully set forth in section I.B.17 below, the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such Classes.

**9.      Section 1129(a)(9) – Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code**

The Plan provides for treatment of Administrative Expense Claims, Priority Claims and Priority Tax Claims in the manner required by section 1129(a)(9) of the Bankruptcy Code.

**10.      Section 1129(a)(10) – Acceptance by at Least One Impaired Class**

As required by section 1129(a)(10) of the Bankruptcy Code and as indicated in the Hall Declaration, at least one Impaired Class of Claims has accepted the Plan (i.e. , Classes 2, 3, 4 and 6) excluding votes cast by any insider.

**11.   Section 1129(a)(11) – Feasibility of the Plan**

Although the Debtor's business is subject to several risk factors, including with respect to governmental and regulatory issues, and although it is impossible to predict with certainty the precise future profitability of the Debtor's business, (a) Confirmation of the Plan is not likely to be followed by the liquidation of, or the need for further financial reorganization of the Debtor, the Reorganized Debtor or any successor to the Reorganized Debtor under the Plan, and (b) upon the Effective Date and thereafter, as applicable, the Reorganized Debtor will have sufficient cash flow and capital resources to pay its liabilities as they become due, to satisfy the capital needs for the conduct of its business and meet its financial obligations under the Plan, all as demonstrated by the Tyrrell Declaration and the projections attached as Exhibit F to the Disclosure Statement and subject to the limitations and qualifications set forth in such documents.  The Plan therefore satisfies section 1129(a)(11) of the Bankruptcy Code.

**12.   Section 1129(a)(12) – Payment of Bankruptcy Fees**

In accordance with section 1129(a)(12) of the Bankruptcy Code, Section 6.14 of the Plan provides for the payment of all fees payable under 28 U.S.C. § 1930 on the Effective Date and until the liability for paying such fees ends under 28 U.S.C. § 1930(a)(6).

**13.   Section 1129(a)(13) – Retiree Benefits**

Pursuant to Section 6.18 of the Plan, from and after the Effective Date, the Reorganized Debtor will be obligated to pay retiree benefits (as defined in § 1114(a) of the Bankruptcy Code), if any, in accordance with the terms of any retiree benefit plans or other agreements governing the payment of such benefits, subject to any rights to amend, modify or terminate such benefits under the terms of the applicable retiree benefits plan, other agreement or applicable non-bankruptcy law, as the Debtor will have no obligation to fund retiree benefits as of the Effective Date of the Plan.  The Plan therefore satisfies section 1129(a)(13) of the Bankruptcy Code.

### 14.    Section 1129(a)(14) – Domestic Support Obligations

The Debtor is a corporation and, therefore, section 1129(a)(14) of the Bankruptcy Code does not apply to this case.

### 15.    Section 1129(a)(15) – Individual Debtor Income Test

The Debtor is a corporation and, therefore, section 1129(a)(15) of the Bankruptcy Code does not apply to this case.

### 16.    Section 1129(a)(16) – Transfers of Property

Pursuant to section 1129(a)(16) of the Bankruptcy Code, all transfers of property of the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business or commercial corporation or trust.

### 17.    Section 1129(b) – Confirmation of the Plan over Nonacceptance of Impaired Classes

Pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan is confirmable notwithstanding the fact that the holders of Claims in Class 5 did not accept the Plan and holders of Claims in Class 7 and Equity Interests in Class 8 are Impaired and are deemed to have rejected the Plan.  Other than the requirement in section 1129(a)(8) of the Bankruptcy Code that Classes 5, 7 and 8 accept the Plan, all of the requirements of section 1129(a) of the Bankruptcy Code have been met.  The Plan does not discriminate unfairly and is fair and equitable with respect to the holders of Allowed Claims in Classes 5 and 7 and Equity Interests in Class 8.  Holders of Claims in Class 5 retain their Liens and receive deferred cash payments of the Allowed amount of their Claims, of a value, as of the Effective Date, of at least the value of the holder's interest in the Estate's interest in property subject to such Lien.  No holders of any Claim or Equity Interests junior to the Claims and Equity Interests Classes 7 and 8, as applicable, will receive or retain any property under the Plan on account of such junior Claims or Equity Interests.

### 18.    Section 1129(d) – Principal Purpose of Plan

The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (the "Securities Act").

### C.    Settlements and Releases

#### 1.    Serra Settlement and Release

As demonstrated by the Mousa Declaration and the Disclosure Statement, the benefits to be received by the Debtor and the Estate as a result of the Serra release set forth in Section 13.4(c) of the Plan constitute fair and reasonable value for the release of Serra set forth in Section 13.4(b) of the Plan.   The Debtor's settlement with Serra therefore is fair and reasonable and in the best interests of the Estate.

#### 2.    Treatment of the Envision Claim

As demonstrated by the Mousa Declaration and the Disclosure Statement, the treatment of the Envision Claim set forth in Section 13.5 of the Plan is fair and reasonable and in the best interests of the Estate.

#### 3.    Fairness and Necessity of Releases

The releases and injunctions set forth in Section 13.4 of the Plan, including the releases of non-debtor parties pursuant to (a) the general releases by holders of Claims in Section 13.4(a) of the Plan, and (b) the releases in Section 13.4(b) of the Plan by the Debtor, the Committee, Sun and HCREIT are, individually and collectively, (i) integral to the settlements that form the basis of the Plan, (ii) necessary for the reorganization of the Debtor, and (iii) supported by reasonable consideration.  In light of all the circumstances, the releases set forth in Section 13.4 of the Plan are fair to the releasing parties.

### D.    Non-Material Amendments to the Plan

The amendments to the Plan identified in the Amendments to Debtor's Second Amended Joint Plan of Liquidation (the "Non-Material Plan Amendments") constitute non-material amendments to the Plan under section 1127 of the Bankruptcy Code.

## II.    CONCLUSIONS OF LAW

### A.    Jurisdiction and Venue

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).  The Debtor was and is qualified to be debtor under section 109 of the Bankruptcy Code.  Venue in the Central District of California was proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.    Modifications of the Plan

The Non-Material Plan Amendments (1) comply in all respects with section 1127 of the Bankruptcy Code, Bankruptcy Rule 3019 and all other provisions of the Bankruptcy Code, and (2) do not materially change the treatment under the Plan of any holders of Claims or Equity Interests.  In light of the nature of each of the Non-Material Plan Amendments and the prior disclosures in the Disclosure Statement, no additional disclosure under section 1125 of the Bankruptcy Code is required with respect to the Non-Material Plan Amendments.  Accordingly, pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims that have accepted or are conclusively presumed to have accepted the Plan dated November 16, 2010 are deemed to have accepted the Plan, including all Non-Material Plan Amendments thereto.

### C.    Exemptions from Securities Laws

1.    Pursuant to section 1125(d) of the Bankruptcy Code, the Debtor's transmittal of Plan solicitation packages, its solicitation of acceptances of the Plan and its issuance and distribution of New Stock, the HCREIT Promissory Note, the Sun Promissory Note, the General Unsecured Promissory Note, the Sun Term Loan and any other securities issuable pursuant to the Plan are not and will not be governed by or subject to any otherwise applicable law, rule or regulation governing the solicitation or acceptance of a plan of reorganization or the offer, issuance, sale or purchase of securities.  Accordingly, the Debtor, the Reorganized Debtor and their respective directors, officers, employees, agents and professionals (acting in such capacity) are

entitled to the protection of section 1125(e) of the Bankruptcy Code.

2.      Pursuant to section 1145(a)(1) of the Bankruptcy Code, the offering, issuance and distribution of the New Stock, the HCREIT Promissory Note, the Sun Promissory Note, the General Unsecured Promissory Note, the Sun Term Loan and any other securities issuable pursuant to the Plan shall be exempt from section 5 of the Securities Act and any state or local law requiring registration prior to the offering, issuance, distribution or sale of securities.

3.      Pursuant to and to the fullest extent permitted by section 1145 of the Bankruptcy Code, the resale of the New Stock, the HCREIT Promissory Note, the Sun Promissory Note, the General Unsecured Promissory Note, the Sun Term Loan and any other securities issuable pursuant to the Plan shall be exempt from section 5 of the Securities Act and any state or local law requiring registration prior to the offering, issuance, distribution or sale of securities.

## D.   <u>Exemptions from Taxation</u>

Pursuant to § 1146(a) of the Bankruptcy Code, any transfers from the Debtor to the Reorganized Debtor, Sun or to any other Person pursuant to the Plan, or any agreement regarding the transfer of title to or ownership of any of the Debtor's real or personal property, will not be subject to any document recording tax, stamp tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording tax, or other similar tax or governmental assessment.  The appropriate state or local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

## E.   <u>Compliance with Section 1129 of the Bankruptcy Code</u>

As set forth in Section I.B above, the Plan complies with the applicable requirements of section 1129 of the Bankruptcy Code.

**F.    Approval of Settlements, Compromises, Releases and Related Provisions**

Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), all settlements, compromises, releases, indemnifications and exculpations set forth in the Plan, including, without limitation, the settlements, compromises, releases, indemnifications and exculpations set forth in Sections 13.4 and 13.5 of the Plan and implemented by this Confirmation Order, are hereby approved as fair, equitable, reasonable and in the best interests of the Debtor, the Reorganized Debtor, the Estate and holders of Claims and Equity Interests.

**G.    Assumptions, Assumptions and Assignments and Rejections of Executory Contracts and Unexpired Leases**

Each pre- or post-Effective Date assumption, assumption and assignment or rejection of an Executory Contract or Unexpired Lease pursuant to Article IX or other provisions of the Plan shall be legal, valid and binding upon the Debtor or Reorganized Debtor and all non-debtor parties to such Executory Contract or Unexpired Lease, all to the same extent as if such assumption, assumption and assignment or rejection had been effectuated pursuant to an appropriate order of the Bankruptcy Court entered before the Confirmation Date under section 365 of the Bankruptcy Code.

**III.    ORDER**

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

**A.    Confirmation of the Plan**

The Plan and each of its provisions (whether or not specifically approved herein) is hereby APPROVED and CONFIRMED in all respects pursuant to section 1129 of the Bankruptcy Code; provided, however, that if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.  All objections and responses to, and statements regarding, the Plan, to the extent that they have not been withdrawn, waived or settled prior to entry of this Confirmation Order or are not cured by the relief granted herein, are

hereby expressly overruled.

### B.    Effects of Confirmation

#### 1.    Immediate Effectiveness; Successors and Assigns

The stay contemplated by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order.  Subject to the provisions of Article X of the Plan, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan and this Confirmation Order are deemed binding on the Debtor, the Reorganized Debtor, any and all holders of Claims and Equity Interests (irrespective of whether such Claims or Equity Interests are Impaired under the Plan or whether the holders of such Claims or Equity Interests accepted, rejected or are deemed to have acted or rejected the Plan), any and all non-debtor parties to Executory Contracts and Unexpired Leases with the Debtor and any and all entities who are parties to or are subject to the settlements, compromises, releases, discharges and injunctions set forth in the Plan and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

#### 2.    Continued Corporate Existence; Vesting of Assets

As of the Effective Date, the Reorganized Debtor shall continue to exist as a corporate entity in accordance with applicable law pursuant to its Amended Certificate of Incorporation and Bylaws, without prejudice to any right to terminate such existence (whether by merger or otherwise) under applicable law after the Effective Date.  Except as otherwise provided in the Plan, on and after the Effective Date, all property of the Estate, including all claims, rights and Causes of Action, other than Assigned Causes of Action, shall vest in the Reorganized Debtor free and clear of all Claims, Liens, charges, other encumbrances, and Equity Interests.  On and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of Property and compromise or settle any Claims without supervision of or approval of the Bankruptcy Court free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than restrictions expressly imposed by the Plan or this

Confirmation Order.  Without limiting the foregoing, the Reorganized Debtor may pay the charges that it incurs on or after the Effective Date for professional fees, disbursements, expenses or related support services without application to the Bankruptcy Court.

### 3.  Release of Liens

Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, on the Effective Date, all mortgages, deeds of trust, Liens or other security interests against the property of the Estate vesting in the Reorganized Debtor or Sun will be fully released and discharged.  As of the Effective Date, the Reorganized Debtor shall be authorized to file or record on behalf of creditors or putative creditors such Uniform Commercial Code termination statements, real property releases or reconveyances, or other documents or instruments as may be necessary to implement the provisions of Section 6.4 of the Plan. This Court shall retain jurisdiction, both before and after the Effective Date, to enforce Section 6.4 of the Plan and this Section III.B.3 including, without limitation, for any proceeding to hold a non-debtor party in contempt for failing to release Liens or other encumbrances in accordance with the Plan.

### 4.  Executory Contracts and Unexpired Leases

#### a.  Rejection of Executory Contracts and Unexpired Leases

Except as otherwise provided in this Confirmation Order, pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, all remaining Executory Contracts and Unexpired Leases that exist between the Debtor and any Person shall be deemed rejected as of the Effective Date, except for any Executory Contract or Unexpired Lease (i) that has been assumed, assumed and assigned or rejected pursuant to an order of the Bankruptcy Court entered prior to the Effective Date, or (ii) as to which a motion for approval of the assumption, assumption and assignment or rejection has been filed prior to the later of (x) the Effective Date, or (y) January 31, 2011.  Any claims arising from the rejection of an Executory Contract or Unexpired Lease ("Rejection Claims") shall be

classified in Class 6 under the Plan.  Notwithstanding anything to the contrary herein, the Debtor is not rejecting its Collective Bargaining Agreements with SEIU United Healthcare Workers West and Service Employees International Union Local 121 RN dated June 1, 2010, which shall remain binding after the Effective Date.

### b.    Bar Date for Filing Rejection Claims

A Proof of Claim asserting a Rejection Claim shall be filed with this Court on or before the fortieth (40th) day after the Effective Date or be forever barred from assertion of any Rejection Claim against and payment from the Reorganized Debtor.

### 5.    Preservation of Causes of Action

### a.    Vesting of Causes of Action

In accordance with section 1123(b) of the Bankruptcy Code, except (i) as otherwise provided in the Plan, and (ii) with respect to Assigned Causes of Action, the Reorganized Debtor shall retain and may enforce all rights to commence and pursue, as appropriate, any and all claims and Causes of Action held by the Debtor and/or the Estate, whether arising before or after the Petition Date.  Except for the Assigned Causes of Action, all such claims and Causes of Action, along with all rights, interests and defenses related thereto, shall vest with the Reorganized Debtor.  The Assigned Causes of Action, along with all rights, interests and defenses related thereto, shall vest in Sun.

### b.    Reservation of Causes of Action

Unless any Cause of Action against a Person is expressly waived, relinquished, exculpated, released, compromised or settled in the Plan or a Final Order, the Debtor and the Reorganized Debtor specifically reserve all Causes of Action, other than the Assigned Causes of Action, for later adjudication, and Sun specifically reserves all Assigned Causes of Action for later adjudication.  Therefore, no preclusion doctrine, estoppel (judicial, equitable or otherwise) or laches shall apply to any of the Causes of Action upon, after or as a consequence of the confirmation, the Effective Date or consummation of the Plan.

### c.    Preservation of Defensive Use of Causes of Action

Whether or not any Cause of Action other than an Assigned Cause of Action is pursued or abandoned, the Debtor and the Reorganized Debtor reserve their rights to use any such Cause of Action defensively, including for the purposes of asserting a setoff or recoupment, or to object to all or part of any Claim pursuant to section 502(d) of the Bankruptcy Code or otherwise.  Whether or not any Assigned Cause of Action is pursued or abandoned, Sun reserves its rights to use any such Assigned Cause of Action defensively, including for the purposes of asserting a setoff or recoupment, or to object to all or part of any Claim pursuant to section 502(d) of the Bankruptcy Code or otherwise.

### d.    Discretion to Pursue or Settle and Immunity of the Parties

The Reorganized Debtor shall have discretion to pursue or not to pursue, to settle or not to settle, to try or not to try, and/or to appeal or not to appeal all Causes of Action other than the Assigned Causes of Action, and Sun shall have discretion to pursue or not to pursue, to settle or not to settle, to try or not to try, and/or to appeal or not to appeal all Assigned Causes of Action, as each of them determines in the exercise of its business judgment and without any further approval of the Bankruptcy Court thereof.  The Reorganized Debtor, the Board of Directors, Sun and their respective attorneys and other professionals shall have no liability for the outcome of their decisions.

### 6.    Class 6 Creditor Trust

The Class 6 Creditor Trust shall have the duties and powers set forth in the Class 6 Creditor Trust Agreement and Section 6.17 of the Plan.

### C.    Actions in Furtherance of the Plan

Pursuant to section 1142(b) of the Bankruptcy Code and applicable state law, no action of the boards of directors of the Debtor or the Reorganized Debtor will be required to authorize them (or any of their officers, employees or agents acting on their behalf) to effectuate and carry out the Plan and all orders of the Court relating thereto, to consummate the transactions contemplated by the Plan and this Confirmation Order or to take or do any other action or thing contemplated by the Plan, this Confirmation Order or

1    such orders as may be necessary or appropriate to fully effectuate the intents and

2    purposes thereof, and all such actions and things hereby are or will be deemed to have

3    been taken or done with like effect as if they had been authorized and approved by

4    unanimous actions of the boards of directors of the Debtor and the Reorganized Debtor.

5    **D.    Releases**

6    The releases contained in Section 13.4 and 13.5 of the Plan are approved in all

7    respects.  As further provided in Section III.E.2 below, the commencement or prosecution

8    by any entity, whether directly, derivatively or otherwise, of any claims, obligations,

9    suits, judgments, damages, demands, debts, rights, causes of action or liabilities released

10   pursuant to Section 13.4 and 13.5 of the Plan and this Section III.D is permanently

11   enjoined.

12   **E.    Recapitalization Agreement**

13   On the Effective Date and simultaneously with the vesting of the Debtor's assets

14   in the Reorganized Debtor, the Reorganized Debtor shall enter into the Recapitalization

15   Agreement with Tuft.  The Recapitalization Agreement is hereby approved in all

16   respects.  As of the Effective Date and in accordance with the terms of the

17   Recapitalization Agreement, Tuft shall own 100% of the New Stock and shall have the

18   authority to manage the Reorganized Debtor pursuant to the terms of the Plan and other

19   applicable law.

20   **F.    Intercreditor Agreement**

21   Amendments to or modifications of the Intercreditor Agreement after the Effective

22   Date shall not require modification of the Plan or the approval of this Court.

23   **G.    Patient Care Ombudsman**

24   The Patient Care Ombudsman is hereby discharged of any further duties to the

25   Debtor and the Estate as of the entry of this Confirmation Order.

26

27

28

### H.    Discharge and Injunction

#### 1.    Discharge of the Debtor

Pursuant to section 1141(d) of the Bankruptcy Code and, except as otherwise specifically provided in the Plan or in this Confirmation Order, the rights afforded and the payments and distributions to be made and the treatment under the Plan shall be in complete exchange for, and in full and unconditional settlement, satisfaction, discharge, and release of any and all existing debts and Claims and termination of all Equity Interests of any kind, nature, or description whatsoever against or in the Debtor, the Reorganized Debtor, their property, the Debtor's assets, or the Estate, and shall effect a full and complete release, discharge, and termination of all Liens, security interests, or other claims, interests, or encumbrances upon all of the Debtor's assets and property.

#### 2.    Injunctions

All Persons are precluded from asserting, against the Debtor or the Reorganized Debtor or their respective successors, or any property that is to be distributed under the terms of the Plan, any Claims, obligations, rights, causes of action, liabilities, or Equity Interests based upon any act, omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, other than as expressly provided for in the Plan, or this Confirmation Order, whether or not (a) a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; (b) a Claim based upon such debt is Allowed; or (c) the Claimant based upon such debt has accepted the Plan. Except as otherwise provided in the Plan or this Confirmation Order, all Claimants and holders of Equity Interests arising prior to the Effective Date shall be permanently barred and enjoined from asserting against the Reorganized Debtor or the Debtor, or their successors or property, or the Debtor's assets, any of the following actions on account of such Claim or Equity Interest:  (i) commencing or continuing in any manner any action or other proceeding on account of such Claim or Equity Interest against the Reorganized Debtor, the Debtor, or the property to be distributed under the terms of the Plan, including, without limitation, the Assigned Causes of Action, other than to enforce any

right to distribution with respect to such property under the Plan; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Reorganized Debtor, the Debtor or any of the property to be distributed under the terms of the Plan, including, without limitation, the Assigned Causes of Action, other than as permitted under sub-paragraph (i) above; (iii) creating, perfecting, or enforcing any Lien or encumbrance against property of the Reorganized Debtor, the Debtor, or any property to be distributed under the terms of the Plan, including, without limitation, the Assigned Causes of Action, other than as permitted under sub-paragraph (i) above; (iv) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due any Debtor, the Reorganized Debtor, their assets or any other property of the Debtor, the Reorganized Debtor, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons including, without limitation, Sun as transferee of the Assigned Causes of Action; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan.  The foregoing discharge, release and injunction are an integral part of the Plan and are essential to its implementation.  The Debtor and the Reorganized Debtor shall have the right to independently seek the enforcement of the discharge, release and injunction set forth herein and in Section 11.1 of the Plan.

### 3.    Term of Injunctions or Stays

Unless otherwise provided in the Plan, all injunctions or stays provided for in the Chapter 11 Case pursuant to sections 105 or 362 of the Bankruptcy Code, or otherwise, and in effect on the Confirmation Date, shall remain in full force and effect until the Effective Date, at which time they are replaced with the injunction set forth in Section III.E.2 above and in Section 11.1 of the Plan.

### I.    Substantial Consummation

The substantial consummation of the Plan, within the meaning of section 1127 of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

### J.       Payment of Statutory Fees

On the Effective Date, the Debtor shall pay all fees payable pursuant to 28 U.S.C. § 1930.  After the Effective Date, the Reorganized Debtor shall continue to pay such fees until the liability for paying such fees ends under 28 U.S.C. § 1930(a)(6).

### K.       Reference to and Validity and Enforceability of Plan Provisions

The failure to reference any particular provision in the Plan in this Confirmation Order shall have no effect on the binding effect, enforceability or legality of such provision and such provision shall have the same binding effect, enforceability or legality as every other provision of the Plan.  Each term and provision of the Plan, as modified or interpreted by the Court, is valid and enforceable pursuant to its terms.

### L.       Notice of Entry of Confirmation Order

Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtor is hereby directed to serve a notice of the entry of this Confirmation Order, and if it has occurred, the Effective Date, substantially in the form of Exhibit A attached hereto and incorporated herein by reference (the "Confirmation Notice"), on all parties that received notice of the Confirmation Hearing, no later than 20 Business Days after the Confirmation Date; provided, however, that the Debtor shall be obligated to serve the Confirmation Notice only on the record holders of Claims and Equity Interests.

1

**M.**    **Post-Confirmation Status Hearing**

2

This Court shall hold a post-confirmation status hearing on June 16, 2011 at 9:30

3

a.m.    The Reorganized Debtor shall file a post-confirmation status report on or before

4

June 9, 2011.

5

###

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DATED: December 27, 2010

_____
United States Bankruptcy Judge

28

# EXHIBIT A

Edward J. Green (IL BAR NO. 6225069) (*PRO HAC VICE*)
Geoffrey S. Goodman (IL BAR NO. 6272297) (*PRO HAC VICE*)
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: 312.832.4500
Facsimile: 312.832.4700
Email: egreen@foley.com
Email: ggoodman@foley.com

DAVID GOULD (CA Bar No. 37947)
DAVID GOULD, A PROFESSIONAL CORPORATION
23975 Park Sorrento, Suite 200
Calabasas, CA 91302-4001
Telephone: 818.222.8092
Facsimile: 818.449.4803
Email: dgould@davidgouldlaw.com

Attorneys for Debtor and
Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE:<br><br>PACIFICA OF THE VALLEY CORPORATION,[1]<br><br>DEBTOR. | CASE NO. 1:09-bk-11678-MT<br><br>CHAPTER 11<br><br>**NOTICE OF ENTRY OF ORDER CONFIRMING THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED** |

---

[1] The Debtor in this proceeding is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (Tax ID No. 33-0737312), with a mailing address of 9449 San Fernando Rd., Sun Valley, CA 91352-1421.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. **Confirmation of the Plan.** On December _____, 2010, the United States Bankruptcy Court for the Central District of California entered an order (the "Confirmation Order") confirming the Second Amended Joint Plan of Reorganization, as Modified (the "Plan") in the above-captioned chapter 11 case of Pacifica of the Valley Corporation (the "Debtor"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein shall have the meanings ascribed to them in the Plan and the Confirmation Order.

2. **Effective Date.** The Effective Date of the Plan occurred on ____.

3. **Discharge of the Debtor.** Pursuant to section 1141(d) of the Bankruptcy Code and, except as otherwise specifically provided in the Plan or in the Confirmation Order, the rights afforded and the payments and distributions to be made and the treatment under the Plan shall be in complete exchange for, and in full and unconditional settlement, satisfaction, discharge, and release of any and all existing debts and Claims and termination of all Equity Interests of any kind, nature, or description whatsoever against or in the Debtor, the Reorganized Debtor, their property, the Debtor's assets, or the Estate, and shall effect a full and complete release, discharge, and termination of all Liens, security interests, or other claims, interests, or encumbrances upon all of the Debtor's assets and property.

4. **Injunctions.** All Persons are precluded from asserting, against the Debtor or the Reorganized Debtor or their respective successors, or any property that is to be distributed under the terms of the Plan, any Claims, obligations, rights, causes of action, liabilities, or Equity Interests based upon any act, omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, other than as expressly provided for in the Plan, or this Confirmation Order, whether or not (a) a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; (b) a Claim based upon such debt is Allowed; or (c) the Claimant based upon such debt has accepted the Plan. Except as otherwise provided in the Plan or this Confirmation Order, all Claimants and holders of Equity Interests arising prior to the Effective Date shall be permanently barred and enjoined from asserting against the Reorganized Debtor or the Debtor, or their successors or property, or the Debtor's assets, any of the following actions on account of such Claim or Equity Interest: (i) commencing or continuing in any manner any action or other proceeding on account of such Claim or Equity Interest against the Reorganized Debtor, the Debtor, or the property to be distributed under the terms of the Plan, including, without limitation, the Assigned Causes of Action, other than to enforce any right to distribution with respect to such property under the Plan; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Reorganized Debtor, the Debtor or any of the property to be distributed under the terms of the Plan, including, without limitation, the Assigned Causes of Action, other than as permitted under sub-paragraph (i) above; (iii) creating, perfecting, or enforcing any Lien or encumbrance against property of the Reorganized Debtor, the Debtor, or any property to be distributed under the terms of the

Plan, including, without limitation, the Assigned Causes of Action, other than as permitted under sub-paragraph (i) above; (iv) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due any Debtor, the Reorganized Debtor, their assets or any other property of the Debtor, the Reorganized Debtor, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Persons including, without limitation, Sun as transferee of the Assigned Causes of Action; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan.  The foregoing discharge, release and injunction are an integral part of the Plan and are essential to its implementation.  The Debtor and the Reorganized Debtor shall have the right to independently seek the enforcement of the discharge, release and injunction set forth in the Confirmation Order and in Section 11.1 of the Plan.

**5.      Executory Contracts and Unexpired Leases.**  Except as otherwise provided in the Confirmation Order, pursuant to §§ 365(a) and 1123(b)(2) of the Bankruptcy Code, all remaining Executory Contracts and Unexpired Leases that exist between the Debtor and any Person shall be deemed rejected as of the Effective Date, except for any Executory Contract or Unexpired Lease (i) that has been assumed, assumed and assigned or rejected pursuant to an order of the Bankruptcy Court entered prior to the Effective Date, or (ii) as to which a motion for approval of the assumption, assumption and assignment or rejection has been filed prior to the later of (x) the Effective Date, or (y) January 31, 2011.  Any claims arising from the rejection of an Executory Contract or Unexpired Lease ("Rejection Claims") shall be classified in Class 6 under this Plan.

**6.      Bar Dates.**

**a.      Rejection Claims.**  A Proof of Claim asserting a Rejection Claim shall be filed with the Bankruptcy Court on or before the fortieth (40th) day after the Effective Date or be forever barred from assertion of any Rejection Claim against and payment from the Reorganized Debtor.

**b.      Professionals.**  All Professionals shall file a final application for the allowance of a Fee Claim on or before forty (40) days following the Effective Date.  Objections to any Fee Claim must be filed and served on the Reorganized Debtor, former counsel for the Committee and the requesting Professional no later than twenty (20) days after the filing of the applicable application for allowance of the Fee Claim.

**c.      Other Administrative Expense Claimants.**  All holders of Administrative Expense Claims other than Professionals shall file a request for payment of an Administrative Expense Claim with the Bankruptcy Court on or before forty (40) days following the Effective Date.  Holders of Administrative Expense Claims, including such Persons asserting a Claim under § 503(b)(9) of the Bankruptcy Code, who do not file a request for payment by such deadline shall be forever barred from asserting such Claims against the Debtor, the Reorganized Debtor or their respective property and assets (whether cash or otherwise).

7.      **Copies of Confirmation Order.**  Copies of the Confirmation Order may be obtained by calling Katherine E. Hall at (407) 423-7656.

DATE:                                                  RESPECTFULLY SUBMITTED,


                                                       FOLEY & LARDNER LLP
                                                       EDWARD J. GREEN (ADMITTED PRO HAC VICE)
                                                       GEOFFREY S. GOODMAN (ADMITTED PRO HAC VICE)

                                                       DAVID GOULD, A PROFESSIONAL CORPORATION
                                                       DAVID GOULD

                                                       BY: */S/ GEOFFREY S. GOODMAN*
                                                       ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION

| In re: Pacifica of the Valley Corporation | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 01:09-BK-11678-MT |

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.

**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.

**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled <u>FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING THE DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED</u> was entered on the date indicated as   Entered   on the first page of this judgment or order and will be served in the manner indicated below:

**I.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of <u>December 17, 2010</u>, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

*See attached*

☒   Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐   Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an   Entered   stamp, the party lodging the judgment or order will serve a complete copy bearing an   Entered   stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

*See attached*

☒   Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                        **F 9021-1.1**

CHIC_5119474.4

| In re: Pacifica of the Valley Corporation | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 01:09-BK-11678-MT |

## ADDITIONAL SERVICE INFORMATION (if needed):

### _SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")_

Manuel A Boigues    bankruptcycourtnotices@unioncounsel.net
Katherine Bunker    kate.bunker@usdoj.gov
Andrew W Caine    acaine@pszyjw.com
Lisa Hill Fenning    Lisa.Fenning@aporter.com, Jean.Kellett@aporter.com
Barry S Glaser    bglaser@swjlaw.com
Geoffrey S Goodman    ggoodman@foley.com
David Gould    dgould@davidgouldlaw.com
Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
Derek J Kaufman    derek.kaufman@mto.com
Raffi Khatchadourian    raffi@hemar-rousso.com
Michael S Kogan    mkogan@ecjlaw.com
Richard W Labowe    llhlaw1631@aol.com
Samuel R Maizel    smaizel@pszjlaw.com, smaizel@pszjlaw.com
Charles Malloy    charles.malloy@aporter.com
Frank F McGinn    ffm@bostonbusinesslaw.com
Jeffrey P Nolan    jnolan@pszjlaw.com
Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
Christian L Raisner    bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net
Mary H Rose    , mrose@buchalter.com
Mary H Rose    mrose@buchalter.com, mrose@buchalter.com
Todd J Rosen    todd.rosen@mto.com
Steven M. Roth    steven.m.roth@irscounsel.treas.gov
Mark Shinderman    mark.shinderman@mto.com
Wayne R Terry    wterry@hemar-rousso.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

### _TO BE SERVED BY THE LODGING PARTY (Via E-Mail)_

Jerry Seelig, Seelig+Cussigh HCO LLC, 4275 Baldwin Ave., Culver City, CA 90232,
Telephone: (310) 841-2549 main office, Telephone: (310) 493-6950 (cell), Facsimile:
(310) 841-2842, Email: jerry@thepcos.com

Morton R. Branzburg, Klehr, Harrison, Harvey, Branzburg & Ellers, LLC, 260 S. Broad
Street, Suite 400, Philadelphia, PA 19102-5003, Telephone: (215) 569-3007,
Facsimile: (215) 568-6603, Email: mbranzburg@klehr.com

Suzanne E Rand-Lewis, Gary Rand & Suzanne E. Rand-Lewis PLC, 5990 Sepulveda
Blvd Ste 330, Van Nuys, CA 91411-2523, Telephone: (818) 779-1720 / (323) 872-
2240, Facsimile: (818) 779-1730, Email: randandlewislaw@gmail.com